# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAUREN GREENE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-19-552 |
| STATE OF MARYLAND, UNIVERSITY OF MARYLAND BALTIMORE WASHINGTON MEDICAL CENTER, | * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This civil complaint was filed on February 21, 2019, together with motions to proceed in forma pauperis and to appoint counsel. ECF 2 & 3. Because she appears to be indigent, plaintiff's motion to proceed in forma pauperis shall be granted. The filing docketed as a motion to appoint counsel does not make a request of this court to appoint counsel; rather, plaintiff states that Maryland does not provide public defender representation at Medical Review Panels, but should. ECF 3. This court does not have jurisdiction over state administrative hearings, therefore the "motion" to appoint counsel shall be denied.

Plaintiff asserts she is improperly committed to the psychiatric ward on an involuntary basis and argues that her diagnosis of "paranoid - delusional disorder" is incorrect. ECF 1 at p. 1. She takes issue with the treatment provided to her by Dr. John McDonald and claims that the 100 milligrams of Haldol she is provided is dangerous and causes cognitive problems. *Id*. at p. 3. She also characterizes the conditions under which she is hospitalized as ineffective and injurious, noting that she is not allowed fresh air, access to outside news broadcasts is severely limited, windows are obscured, and the therapeutic modalities employed are "dumb." *Id*. at

pp. 1-3.  She notes she is currently involved in a custody battle and her current diagnosis and hospitalization has nullified her credibility.  *Id*. at p. 3.  As relief, she requests a stay of the administrative hearing regarding the refusal-of-psychiatric-medication decision because she was not represented by counsel and seeks monetary damages.  *Id*. at pp. 3-5.  She states there are less restrictive forms of therapy that do not require her hospitalization.  *Id*. at p. 4.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a Complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff's claims concerning the limitation on outside news sources and lack of fresh air do not state a federal claim, nor do her claims asserting medical malpractice.  Those claims shall therefore be dismissed.

2

To the extent she is raising a due process claim in connection with being medicated over her objection, she has implied a federal constitutional claim but will be required to provide more details regarding such a claim. As an involuntarily committed patient in a State psychiatric facility, Plaintiff has a "'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs.'" *Sell v. United States*, 539 U.S. 166, 178 (2003) (quoting *Washington v. Harper*, 494 U.S. 210, 221 (1990)). "[W]hen the purpose or effect of forced drugging is to alter the will and the mind of the subject, it constitutes a deprivation of liberty in the most literal and fundamental sense." *United States v. Bush*, 585 F.3d 806, 813 (4th Cir. 2009). "Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The Fourteenth Amendment ensures that states will provide not only for the medical needs of those in penal settings, but for anyone restricted by a state from obtaining medical care on his own. *See DeShaney v. Winnebago*, 489 U.S. 189, 200 (1989); *Youngberg*, 457 U.S. at 324. The claim, as presented, does not provide details regarding the hearing provided to plaintiff that resulted in an apparent decision to medicate her over her objection, whether plaintiff has availed herself of the appellate review procedure available in the state courts, and, if so, the resulting decision.

To the extent plaintiff is seeking release from the hospital, the complaint is more appropriately construed as a petition for writ of habeas corpus. Before such a claim may be considered by this court, plaintiff must demonstrate exhaustion of state remedies. As a person committed to a mental health facility, plaintiff has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or where the facility is located. *See* Md. Code Ann., Health–Gen. § 10-804; *see also* Md. Code Ann., Cts

& Jud. Proc. § 3-704.  Before this claim, to the extent it is raised, will be considered, plaintiff will be required to explain whether she has challenged her involuntary confinement in the appropriate state court.

Because this case implicates both a civil rights claim for damages and a claim for habeas corpus relief, plaintiff will be provided forms for filing a § 1983 civil rights complaint and for filing a §2241 habeas corpus petition.  She is forewarned that failure to supplement the claims asserted will result in dismissal of the complaint without prejudice and without further notice.

A separate order follows.

Dated this 25th day of February, 2019 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge